# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| TIMOTHY YORK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-119-JAW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income (SSI") appeal contends that a portion of the residual functional capacity ("RFC") assigned to him by the administrative law judge was without evidentiary support, and that the administrative law judge improperly rejected the opinions of his treating physician, and failed to consider his obesity in reaching an RFC. I recommend that the court vacate the commissioner's decision on one narrow ground.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD through December 31, 2008,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 16, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Finding 1, Record at 9; that he suffered from degenerative disc disease, obesity, and borderline intellectual functioning, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.*; that he had the RFC to perform light work, could stand or sit for six hours in an eight-hour workday with normal breaks, could not climb ladders, ropes, or scaffolds, could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, must avoid hazards including hard, uneven surfaces, and was capable of simple, repetitive work, Finding 5, *id.* at 11; that he was unable to perform any past relevant work, Finding 6, *id.* at 18; that, given his age (38 on the alleged date of onset of disability, a younger individual), limited education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id.*; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, at any time from November 15, 2003, the alleged date of onset, through the date of the decision, Finding 11, *id.* at 19. The Decision Review Board selected the decision for review, but did not complete its review within the time allowed, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. The Standing Limitation

The plaintiff contends that the administrative law judge's finding that he was capable of performing work at the light exertion level lacks evidentiary support, particularly with respect to limitations on his ability to stand. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 12) at 4-9. He first challenges the administrative law judge's reliance on the testimony of the medical expert, Dr. Tarnay, at the hearing. *Id*. at 4-6.

The administrative law judge said the following about Dr. Tarnay's testimony:

> Dr. Tarnay also testified as an impartial medical expert. He stated that the record showed findings on examination of pain and spasm. However, he was unable to see a nexus between diagnostic imaging and the claimant's complaints.
>
> The undersigned asked Dr. Tarney about Exhibit 24F, a Physical Residual Functional Capacity Assessment by Dr. Lawrence Johnson, M.D., a DDS consultant, which allows for less than a full range of light exertional work. Dr. Tarnay felt that there was no new evidence since that assessment that would erode its reliability. He noted evidence that the claimant was mowing his lawn as an example that the claimant could perform light work.
>
> With respect to Exhibit 31F, an assessment by Dr. John Garofalo, a treating source, Dr. Tarnay testified that he did not see any new objective evidence to support Dr. Garofalo's opinion. Dr. Tarnay felt that the

3

> diagnostic findings were "overstated." X-rays showed lack of nerve root compression and minimal disc bulging. However, Dr. Tarnay noted that individuals react to anatomical abnormalities in different ways, perhaps based on changes that cannot be observed. He felt that the claimant's symptoms of numbness, tingling, itching and minor forms of pain could be consistent with episodic irritation of the nerve at L5-S1.
>
> * * *
>
> The claimant had a back evaluation for the purpose of social security by his primary care provider on August 30, 2010. On physical examination, Dr. Garofalo simpl[y] writes, "[b]ack pain in lumbar region." It does not appear that a comprehensive evaluation was performed.
>
> The opinion of a treating source as to the severity of a claimant's impairment is given controlling weight as long as it is well supported by the medical evidence and no inconsistent with other substantial evidence in the record. S[S]R 96-2p. Dr. Garofalo completed a Medical Source Statement of Ability to do Work-Related Activities (Physical) the same day. He opined that the claimant could lift 25 pounds occasionally and 10 pounds occasionally. Walking and/or standing were limited to less than two hours in an eight hour workday; sitting was limited to less than six hours in an eight-hour workday. The claimant was limited with respect to pushing and/or pulling in both his upper and lower extremities. According to Dr. Garofalo, the claimant could never balance, crouch, crawl, or stoop. He could occasionally climb and kneel. Dr. Garofalo wrote that the claimant's ability to maintain attention or concentration was not compromised by pain or prescribed medication. The claimant should avoid hazards due to leg weakness. Exhibit 31F.
>
> The undersigned gives this opinion limited weight. Dr. Tarnay testified reliably at the hearing that the overall medical record of evidence did not show a nexus between objective findings on clinical examination or other diagnostic testing and the alleged severity of the claimant's complaints. The record as a whole does not support a finding that the claimant is as significantly impaired as opined by Dr. Garofalo.

Record at 13, 15.

The plaintiff understandably attacks Dr. Tarnay's assumption that the statement that the plaintiff had been "mowing the lawn," without more, demonstrates an ability to work at the light level. Itemized Statement at 5. However, both Dr. Tarnay and the administrative law judge relied on much more than this single statement, as can be seen from the quoted passages above.

4

The plaintiff also attacks Dr. Tarnay's conclusion that there was no new evidence to "erode the reliability" of the review by Dr. Johnson in August 2009, apparently because Dr. Tarnay said on cross-examination that it was "a hard call," Dr. Garofalo's assessment was closer in time to the hearing than was Dr. Johnson's assessment, and Dr. Johnson's assessment "does not reflect critical evidence in the record." *Id*. at 5-7. The fact that a medical expert may have had some difficulty in reaching his conclusions does not mean that the administrative law judge may not rely on those conclusions. Similarly, the fact that Dr. Garofalo's assessment was performed later in time than was that of Dr. Johnson does not mean that the administrative law judge may not credit Dr. Johnson's conclusions rather than those of Dr. Garofalo, particularly where, as here, the testifying medical expert has seen both reports and rejects Dr. Garofalo's conclusions.

Indeed, the fact that Dr. Tarnay saw all of the medical evidence also undermines the plaintiff's contention that the administrative law judge was required to discount or ignore Dr. Johnson's conclusions because his report "does not reflect" Dr. Axelman's conclusion that the plaintiff "was impaired in terms of standing (limited to 1½ hours) and walking (1/2 hour)." *Id*. at 7. The plaintiff goes on, "Dr. Axelman also noted an impairment in sitting and difficulty lifting even a small amount of weight (R. 625). Dr. Johnson appears to have ignored all of that information in formulating his RFC opinion, thus making his opinion inconsistent with the record (R. 625, 633, 635)." *Id*. at 8.

The plaintiff's conclusion does not follow from his premise. The fact that Dr. Johnson did not include, and may not have seen, a particular doctor's report does not make his opinion "inconsistent with" the entire record, and, in any event, any inconsistency loses any material impact where, as here, Dr. Tarnay saw the entire record and agreed with Dr. Johnson.

5

Finally, the plaintiff asserts that the administrative law judge "failed to address the ability to walk which is also an element of the normal light RFC." *Id*. at 8-9. It is true that the RFC assigned by the administrative law judge does not mention walking. Record at 11. However, the plaintiff does not address the question of how this error affected the outcome of his application, let alone whether it was harmless. In fact, any error could only be harmless, because walking was included in the hypothetical question to the vocational expert, *id*. at 62, that generated the testimony about available jobs on which the administrative law judge relied, *id*. at 19, 63-64. In addition, the Dictionary of Occupational Titles provides as to each of the two cited jobs, parking lot attendant and parking enforcement officer, that a requirement of "walking or standing to a significant degree" is one of three alternatives for a rating of light work "[e]ven though the weight lifted may be only a negligible amount." Dictionary of Occupational Titles §§ 375.587-010, 915.473-010 (U.S. Dep't of Labor 4th ed. 1991). Thus, "ability to walk" is not invariably "an element of the normal light RFC."

### B. Treating Source Opinions

The plaintiff next contends that the administrative law judge wrongly rejected Dr. Garafalo's opinions and was required to contact him directly. Itemized Statement at 9-13. I will address the latter argument first.

The plaintiff's entire argument on this point is the following:

> [T]he ALJ failed to recontact the treating physician. The First Circuit also dealt with this issue in *Soto-Cedeno* [*v. Astrue,* 380 Fed.Appx 1, 2010 WL 2573086 (1st Cir. 2010)], supra. There the Court held that the agency's regulation states that if the ALJ deems the report of the treating physician to be "inadequate" he should obtain additional information "first" by recontacting the doctor, citing 20 C.F.R.§ 404.1512(e)(1). Thus, as pointed out by the First Circuit in *Soto-Cedeno*, when the ALJ views the treating physician's report as inadequate to establish disability, recontacting the physician is called for pursuant to 20 C.F.R. § 404.1512(e).

6

*Id.* at 12-13. The argument, carried through logically, is that, whenever an administrative law judge disagrees with the conclusions of a treating source, he or she must contact that source directly.

This argument is based on a misreading of 20 C.F.R §§ 404.1512(e)(1) and 416.912(e)(1), which provide, in relevant and identical part:

> When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical sources contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

The second paragraph of the regulation refers to conflict within a medical source's report, not a conflict between that source's opinion and the opinion of other medical experts. If the regulation were construed as the plaintiff construes it, the administrative law judge would be required to recontact medical care providers every time he or she decided not to accept every conclusion expressed by a treating medical source. The regulation is not nearly so expansive.

The only reasonable interpretation of the regulatory language is that it does not address a conflict between the other evidence in the record and a treating professional's conclusions. Such a conflict is also not encompassed within the language of the quoted regulation. *See generally Kresge v. Astrue*, Civil No. 09-248-B-W, 2010 WL 2024968, at *6 (D. Me. May 18, 2010) (setting out what plaintiff must show in order to obtain remand under 20 C.F.R.

§ 404.1512(e)(1)). Nothing in *Soto-Cedeno* can reasonably be construed to require a different conclusion. Indeed, the language from that opinion quoted and paraphrased by the plaintiff comes from the First Circuit's interpretation of that regulation. Further, the First Circuit was not dealing in that case with an alleged failure to contact a treating source directly, but rather a claim that the administrative law judge did not give good reasons for rejecting a treating source's opinion. 2010 WL 2573086 at **1, **3.

The plaintiff's first argument with respect to Dr. Garofalo's opinion appears to be that the administrative law judge was required either to give that opinion controlling weight or to give it "the greatest weight." Itemized Statement at 9-12. His assertion that Social Security Ruling 96-2p imposes this requirement, *id.* at 13, is in error. The Ruling says, in pertinent part, that "[a] finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected. It *may* still be entitled to deference and be adopted by the adjudicator." Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2011-2012) at 111 (emphasis added). Even the language from the Ruling quoted by the plaintiff makes this clear. Itemized Statement at 10 n.11.

The plaintiff faults the administrative law judge for not, first, explicitly addressing the question of whether Dr. Garofalo's opinion should be given controlling weight. *Id.* at 12. But, when it is clear from the administrative law judge's opinion, as it is here, that the opinion was not given controlling weight, the failure to say so explicitly or to give reasons for doing so is not and cannot be sufficient reason, standing alone, to overturn the determination.

The plaintiff's better argument is based on his allegation that the administrative law judge failed to give a "good" reason for rejecting Dr. Garofalo's opinions. *Id.* at 10-11. Specifically, he asserts that Dr. Garofalo's opinion concerning the plaintiff's physical limitations was based

8

on "specific neurological findings" that his right toe and left knee extensors were "weak due to pain in his back with use" and worsening radiculopathy on the right. *Id*. at 9. He goes on to assert that these opinions "were well supported, including significant support in the report of the DDS consultative examiner, Dr. Axelman,[2] and were not inconsistent with any other substantial evidence found by the ALJ." *Id*. at 10.

The plaintiff is incorrect when he observes, Itemized Statement at 11, that the only specific evidence cited by the administrative law judge in support of his decision to give Dr. Garofalo's opinions "limited weight" was the testimony of Dr. Tarnay. The administrative law judge also referred to the assessments of Dr. Paul Stucki and Dr. Donald Trumbull, DDS consultants, the second assessment of another consult, Dr. Lawrence Johnson, and the plaintiff's activities of daily living. Record at 15-16.[3]

Even if the plaintiff's characterization of the administrative law judge's opinion on this point were correct, however, he would not be entitled to remand. Dr. Tarnay specifically testified that he had reviewed Dr. Garofalo's assessments and did not see any objective evidence not available to Dr. Johnson that supported Dr. Garofalo's opinions. Record at 55-56. Dr. Tarnay's testimony was in fact "recent evidence" upon which the administrative law judge was entitled to rely. The plaintiff contends that Dr. Tarnay's testimony was "inconclusive," Itemized Statement at 12, and thus could not provide a "good" reason to reject Dr. Garofalo's conclusions,

---

[2] A comparison of Dr. Axelman's conclusions, Record at 625, with the limitations imposed by Dr. Garofalo, *id.* at 678-81, demonstrates that they are significantly different. To say that Dr. Axelman's conclusions provide "significant support" for Dr. Garofalo's conclusions is to stretch Dr. Axelman's findings too far.
[3] The plaintiff asserts that "the prior DDS agency opinions did not change" the fact that he contends that Dr. Tarnay's testimony was insufficient, because there is "no competing evidence in the current time frame." Itemized Statement at 11-12. Dr. Garofalo's record is dated August 30, 2010, Record at 675, and his Medical Source Statement is also dated August 30, 2010. *Id*. at 681. Dr. Stucki's assessment is dated June 16, 2006, *id*. at 480, and Dr. Trumbull's assessment is dated February 5, 2007, *id*. at 544. Dr. Johnson's second assessment is dated August 17, 2009. *Id*. at 634. Dr. Tarney testified that there was no evidence in the record that Dr. Johnson had not seen that would tend to erode the reliability of that second assessment. Record at 54-55.

9

*id*. at 11, but I have already rejected that assessment of Dr. Tarnay's testimony. The plaintiff is not entitled to remand on this basis.

Finally, the plaintiff argues that he is entitled to remand because the administrative law judge "failed to address . . . at all" the opinion of a treating nurse practitioner that the plaintiff was "unable to work at this time due to physical limitations & lack of GED." Itemized Statement at 13.[4] He asserts that Social Security Ruling 96-5p "specifically obligated" the administrative law judge to "at least address the opinion." *Id*. This again represents a misinterpretation of the record and of a Ruling.

The statement "he is unable to work at this time due to physical limitations & lack of GED" is recorded by the nurse practitioner under the heading "Subjective/Chief complaint . . ./History of Present Illness." Record at 515. This makes it quite clear that the entry is based on the plaintiff's own statement to the nurse practitioner and is not the nurse practitioner's opinion, which appears later in the document under the heading "Assessment." *Id*. at 516. In addition, as the plaintiff recognizes, Itemized Statement at 13, even if this were the nurse practitioner's opinion, his opinion cannot bind the commissioner, as it is an opinion on an issue reserved to the commissioner.

The plaintiff provides no pinpoint citation to the Ruling, which is entitled "Medical Source Opinions on Issues Reserved to the Commissioner," Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 201-2012) at 122. The ruling does direct that the administrative law judge explain the consideration given to a treating source's opinion on an issue reserved to the commissioner. *Id*. at 124. Further, the nurse

---

[4] The plaintiff contends that the administrative law judge could not rely on the opinions of DDS physicians because those opinions were expressed in 2006 and 2009, yet he also argues that the court should have addressed the opinion of a nurse practitioner recorded on November 10, 2006. Record at 515. The administrative law judge does cite the exhibit (Exhibit 14F) that included the nurse practitioner's record on which the plaintiff relies. *Id*. at 14

10

practitioner is not an acceptable medical source under applicable regulations. 20 C.F.R. §§ 404.1513(a), 416.913(a). That means that the nurse practitioner's opinions may be considered only "to show the severity of your impairment(s) and how it affects your ability to work." *Id.* §§ 404.1513(d), 416.913(d). This does not include an opinion that the claimant cannot work.

For all of these reasons, therefore, there was no error in the administrative law judge's failure to address specifically this entry in the nurse practitioner's records and, if there was any error, it was harmless, as discussed earlier in Section B.

### C. Obesity

The plaintiff's final challenge to the administrative law judge's opinion asserts that the administrative law judge failed to address his obesity and that this was not a harmless error. Itemized Statement at 13-16. It is true that, after finding that the plaintiff suffered from obesity as a severe impairment, Record at 9, the administrative law judge did not mention the impairment again. Social Security Ruling 02-1p, cited by the plaintiff, Itemized Statement at 13, requires that "[a]n assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment." Social Security Ruling 02-1p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2011-2012), at 257. Further, "[w]hen we identify obesity as a medically determinable impairment . . . we will consider any functional limitations resulting from the obesity in the RFC assessment[.]" *Id.*

The administrative law judge's failure to mention the plaintiff's obesity in this regard is certainly troublesome. There is apparently no reference to obesity in any of the state-agency

11

assessments in the record. The plaintiff ties this oversight to his asserted difficulties with standing and walking.

In *Swan v. Barnhart*, No. 03-130-B-W, 2004 WL 1529270, at *6 (D. Me. Apr. 30, 2004), this court held that, when the state-agency reviewer stated that a claimant's obesity "would undoubtedly impact on his skeletal system and arthritis," but the plaintiff suggested "no concrete way in which factoring it in would have altered the administrative law judge's analysis," any error was harmless. Here, the plaintiff has made such a suggestion. Itemized Statement at 13-15.

The question is a close one, but, in this case, where I cannot discern what effect the administrative law judge concluded the severe impairment of obesity had, if any, on the plaintiff's ability to perform work-related functions, I believe that remand to address this limited issue is required.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge